**In re Carl R. TRAUGER, and his wife, Rosann L. Trauger, Debtors.**

**Milton Gene FRIEDMAN, Trustee, Plaintiff,**

v.

**Hector VINAS, Defendant.**

**Bankruptcy No. 87–01796–BKC–AJC.**

Adv. No. 89–0190–BKC–AJC–A.

United States Bankruptcy Court, S.D. Florida.

Oct. 10, 1989.

David R. Softness, Gelfand & Softness, Miami, Fla., for Vinas.

James B. Boone, Rotella & Boone, Fort Lauderdale, Fla., for Trustee.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE having come before the Court for trial on Monday, August 7, 1989,

at 1:30 p.m. and the Court having considered the pleadings and the file, the candor and demeanor of the witnesses, the documentary evidence presented and the arguments of counsel, and being otherwise fully advised in the premises, does hereby enter the following findings of fact and conclusions of law.

### Background

Plaintiff/Trustee, Milton Gene Friedman ("Trustee") initiated the instant adversary proceeding seeking to avoid a post-petition transfer of assets of the debtor, Robert Trauger ("Debtor") pursuant to Section 549(b) of the Bankruptcy Code, 11 U.S.C. § 549(b) (generally, the "Code") and to compel turnover of same pursuant to Section 542(a) of the Code. Specifically, Trustee seeks a judgment against Defendant, Hector Vinas ("Vinas") in the amount of $8,500.00 alleging a direct and immediate post-petition transfer of the Debtor's funds to Vinas. Vinas contends, among other defenses, that to the extent he received a post petition transfer of funds of the Debtor, he was an innocent and mediate transferee without knowledge of the source of the funds and that he gave value by simultaneously transmitting same to the Debtor's attorneys. Defendant also moved to dismiss the Complaint ore tenus, at the close of the Trustee's case, alleging, in effect, the Trustee's failure to plead or prove the appropriate cause of action under Section 550(a)(2) and (b)(1) of the Code. Defendant's motion was denied and the matter was tried to the Court.

### Facts

The essential facts are relatively clear. In April of 1987, and subsequent to the initiation of the Debtor's bankruptcy case, Debtor transferred approximately Ninety Four Thousand Dollars ($94,000.00) to one John Santoriello, who immediately transferred all or some portion of those funds to the Debtor's daughter, Kimberly Trauger.

Several months later, on August 31, 1987, Kimberly Trauger transferred Five Thousand Dollars ($5,000.00) to Vinas, who simultaneously paid the identical amount by joint check to the Debtor and one of his attorneys. On October 12, 1987, Kimberly Trauger transferred another Three Thousand Five Hundred Dollars ($3,500.00) to Vinas who again simultaneously paid the identical amount by joint check to the Debtor and another of his attorneys. Vinas' checks were cashed by the respective attorneys as payees.

 Vinas was aware that the Debtor was in bankruptcy but was not aware that the funds he received were property of the Debtor. Vinas also had no reason to question the true source of the funds which he believed to be those of Kimberly Trauger.[1]

### FINDINGS OF FACT WITH CONCLUSIONS OF LAW

 Initially, it should be noted that, properly read, the Trustee's Complaint seeks to avoid a post-petition transfer under 11 U.S.C. § 549(b), and to recover against Vinas under 11 U.S.C. § 550(a). This Court finds that turnover against Vinas pursuant to 11 U.S.C. § 542(a), as plead by the Trustee, is inapplicable here. This is because the recovery sought cannot represent a liquidated or matured debt inasmuch as the liability could not exist, if at all, without the filing of this suit. 11 U.S.C. § 542(b). To avoid outright dismissal, this Court reads the Trustee's Complaint as seeking recovery against Vinas pursuant to 11 U.S.C. § 550.

---

1. The Trustee attempted on cross examination to impeach Vinas' testimony and show that he had reason to and did question the suspicious nature of the transaction. The Court remains unconvinced that Vinas knew that actual origin of the funds he received was that of the Debtor. As is discussed below, this knowledge on the part of Vinas is critical to the Trustee's case. Whether or not Vinas considered the transactions at issue to be suspicious (or for that matter felonious) is irrelevant if he did not know that the funds belonged to the Debtor. Section 550(b)(1). That knowledge is the only knowledge which would be relevant to the voidability of the transfer. In that regard, the Trustee proceeded to call the Debtor as a rebuttal witness who testified that he did not tell Vinas the true source of the funds he received from Kimberly Trauger.

Section 550(a) of the Bankruptcy Code provides that:

> [T]o the extent that a transfer is avoided under section ... 549 ... of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—
>
> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
>
> (2) any immediate or mediate transferee of such initial transferee.

However,

> (b) The trustee may not recover under section (a)(2) of this section from—
>
> (1) a transferee that takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided; or
>
> (2) any immediate or mediate good faith transferee of such transferee.

The Court finds and determines that the transfer at issue is avoidable under 11 U.S.C. § 549(b), but that Vinas is neither the initial transferee nor the entity for whose benefit such transfer was made. Rather, Vinas was a mediate transferee. Thus if the Trustee could recover, it could only be under Section 550(a)(2), as conditioned by Section 550(b)(1).[2] The issue is whether Vinas was a good faith transferee, for value, and without knowledge of the voidability of the transfer. Based upon the facts stated above, the Court finds that the Trustee has not proved that Vinas had knowledge of the voidability of the transfer and, moreover, that he gave equivalent value in exchange. The only remaining issue is whether Vinas acted in good faith.

It has long been recognized that in applying Section 550(a), courts should eschew a literal interpretation of this section and temper its application by examining all the facts and circumstances of that case. *In re Fabric Buys of Jericho, Inc.*, 33 B.R. 334, 336–37 (Bkrtcy.S.D.N.Y.1983); *In re Cove Patio Corp.*, 19 B.R. 843, 844 (Bkrtcy. S.D.Fla.1982). *Cf. In re Chase & Sanborn Corp.*, 848 F.2d 1196, 1200 & n. 9 (11th Cir.1988). This approach recognizes the tremendous power that Section 550(a) confers upon the Trustee, and which enables the Trustee to recover property of the estate that was fraudulently or improperly transferred away, but prevents the Trustee from being able to "recover from a party who is innocent of wrongdoing and deserves protection." *In re Fabric Buys of Jericho, Inc.*, 33 B.R. at 337 (quoting 4 *Collier on Bankruptcy* ¶ 550.02, at 550–7 (15th ed. 1983).

The Trustee put on no evidence during his case in chief going to the good (or bad) faith demonstrated by Vinas in this transaction. Only during Vinas' defense did the Trustee attempt to show that Vinas had reason to question the true source of the funds which he received. The Court has already determined that the Trustee did not prove that Vinas had knowledge of the source of the funds. Indeed, the Trustee put on no further evidence regarding any implication of "bad faith" other than the suspicious nature of the transaction. The Court finds that this showing alone is too little, too late. Indeed, the rather circular transaction might be construed as indicating an intent to keep Vinas, and/or others, in the dark as to the source of the funds ultimately transferred to the Debtor's attorneys. Rather, Vinas, in essence, served as "mere conduit" through which funds were transferred for the benefit of the Debtor and his attorneys. *In re Chase & Sanborn Corp.*, 848 F.2d 1196, 1200 & n. 9 (11th Cir.1988); *In re Chase & Sanborn Corporation*, 68 B.R. 530, 532 (Bkrtcy.S.D. Fla.1986).

---

2. The Complaint alleged that the transfer to Vinas was directly from the Debtor. In fact Vinas was third in a line of four transferees (without counting the banks or "commercial conduits"). Vinas argued that the failure to allege this critical factual distinction and further failure to allege or prove a cause of action under 550(a)(2) (as opposed to (a)(1)), should have been fatal to the Trustee's case. Viewing the motion in the light most favorable to the Trustee, the Court found that Vinas was on notice of the cause of action against him sufficient to defend against it.

The Court is not unaware that bad faith can be imputed upon a transferee due to the surrounding circumstances. *See In re Harbour*, 845 F.2d 1254 (4th Cir.1988). In *Harbour*, the Fourth Circuit found a clear lack of good faith on the part of a defendant who was sued under Section 550. Contrary to the instant case, in *Harbour* the defendant was sued under Section 550(a)(1) as an immediate transferee who could not avail herself of the 550(b)(1) safe harbor. She attempted to avoid liability by arguing that a good faith transferee or "innocent dupe" should not be liable and sought valiantly to fashion an exception to the clear language of 550(a)(1) pursuant to the Court's equitable powers. In *Harbour*, the defendant took the tainted transaction directly from the debtor (admittedly a "surrogate son") and transferred them directly to her natural son, who was a close friend and business associate of the debtor.

In *Harbour*, the defendant was not only burdened with proving good faith under dubious circumstances but was saddled with the fact that good faith in that case did not create a defense under the statute. The Court is not aware of any such nefarious or unseemly facts which would indicate bad faith on the part of the defendant in this case. Furthermore, the Trustee has the burden of proving the lack of good faith, which he did not do, in order to even state a cause of action under 550(a)(2).

Vinas, an attenuated mediate transferee, appears to be relatively innocent and one whose involvement in this avoidable transfer, and in this lawsuit, is at worst a misfortune he would have been wise and fortunate to have avoided in the first place.

Since Vinas already gave value, a judgment would require him to pay his own money into the estate for the benefit of the creditors. As the evidence at trial indicated exactly how and where the transferred funds were ultimately paid, this Court is hard pressed to see the equity of forcing a mediate transferee, innocent or otherwise, to make good on the amount transferred when the other transferees (be they immediate, ultimate, or otherwise) may be easily identified, some or all of whom may not be able to avail themselves of the 550(b) safe harbor.[3] Further, Vinas' involvement was several months after the funds were already transferred out of the estate and the reach of the Trustee.

It seems more likely to this Court that the good faith exception of 550(b)(1) was intended for those situations in which a bad faith transferee materially assists in, or in fact enables, the transferring of funds which can not then be recovered, and who derives some demonstrable benefit thereby.

### Conclusion

This Court finds that Vinas is a "good faith" transferee within the meaning of 11 U.S.C. § 550(b)(2). It follows therefore that the Trustee may not recover against Vinas upon the avoided transfer at issue. A Final Judgment in accordance with these Findings of Fact and Conclusions of Law shall be entered on the Complaint in favor of Vinas, holding him free from liability to the Trustee.

---

**3.** The Court believes that even if the Trustee could prove that Vinas had actively participated in the avoidable transfer scheme, it is still arguable that to hold him liable as opposed to other, more culpable transferees is inequitable. This is especially true here because Vinas was not involved in the initial transfer and assisted both the Court and the Trustee in identifying the ultimate transferees, the parties for whose benefit the initial transfers were made. The status of the other transferees, and whether they have been, or could have been, sued is not before the Court in this action, and the Court has no opinion as to their potential liability to the estate.