### In re DATA LEASE FINANCIAL CORPORATION, Debtor.

### Soneet R. KAPILA, Trustee for the Estate of Data Lease Financial Corporation, Plaintiff,

### v.

### FUNDING, INC., Roy W. Talmo, Norman Talmo and Janet Spooner, Defendants.

**Bankruptcy No. 92–30774–BKC–RAM. Adv. No. 94–0864–BKC–RAM–A.**

United States Bankruptcy Court, S.D. Florida.

Dec. 6, 1994.

See also, 175 B.R. 775.

286

David C. Profilet, Profilet & Associates, Miami, FL, for trustee.

Roger C. Hurd, Hurd and Horvath, P.A., Palm Beach Gardens, FL, for Norman Talmo.

## ORDER DENYING NORMAN TALMO'S MOTION TO DISMISS

ROBERT A. MARK, Bankruptcy Judge.

Defendant Norman Talmo filed an Amended Motion to Dismiss ("Motion") which was heard on December 1, 1994. The Motion was filed pursuant to Fed.R.Bankr.P. 7012, and asserts that the complaint, filed by Soneet R. Kapila as Trustee ("Trustee") of Data Lease Financial Corporation ("Data Lease") to recover an avoided transfer pursuant to 11 U.S.C. § 550, fails to state a cause of action against Norman Talmo for two reasons: 1) the complaint fails to allege that Norman Talmo acted in bad faith and had knowledge that the funds he received were funds of Data Lease; and 2) the complaint is untimely under § 550(e). The Trustee filed a response to the Motion. After considering the arguments of the parties and relevant authorities, the Court rules as follows:

## TIMELINESS OF COMPLAINT

■ Taking the defendant's second argument first, Norman Talmo argues that the Trustee's complaint was not filed within the time limit prescribed by 11 U.S.C. § 550(e), which provides:

An action or proceeding under this section may not be commenced after the earlier of—

(1) one year after the avoidance of the transfer on account of which recovery under this section is sought; or

(2) the time the case is closed or dismissed.

The transfer which the Trustee seeks to recover from Norman Talmo was the subject of an Order Granting Plaintiff's Motion for Partial Summary Judgment entered May 14, 1993 in an adversary proceeding filed by the Trustee against Roy Talmo in this bankruptcy case ("May 14 Order"). The May 14 Order granted the Trustee's motion for partial summary judgment, determining that a transfer by Data Lease to Roy Talmo was a preference under 11 U.S.C. § 547, and that Roy Talmo was liable to the Trustee for $400,000 plus interest and costs.

The Trustee's complaint commencing this adversary proceeding, seeking recovery from Norman Talmo as a subsequent transferee under § 550(a)(2), was filed on August 30, 1994, more than one year after the May 14 Order. Norman Talmo argues that this adversary proceeding was therefore filed after the limitations period in § 550(e) expired. The Trustee responds that the limitation period in § 550(e) did not commence because there was no final judgment avoiding the transfer, and that he was stayed from obtaining a final judgment against Roy Talmo because Roy Talmo filed for bankruptcy individually on August 13, 1993.

The Court finds that the Trustee's complaint against Norman Talmo is not barred by § 550(e). The May 14 Order only granted partial summary judgment, and did not constitute a final order or final judgment avoiding the transfer. *See In re Piper Aircraft Corp.,* 169 B.R. 766, 771–72 (Bankr. S.D.Fla.1994) (order granting partial summary judgment not a final order). Because

the May 14 Order is not a final judgment of avoidance, that Order did not commence the one-year § 550(e) limitations period.

## BURDEN OF ESTABLISHING VALUE, GOOD FAITH, AND LACK OF KNOWLEDGE

Norman Talmo also argues that the Trustee must allege and prove that he, as a subsequent transferee, had knowledge that the funds he allegedly received were the debtor's and that he acted in bad faith under § 550(b)(1), citing *In re Trauger*, 109 B.R. 502 (Bankr.S.D.Fla.1989). The Trustee responds that the transferee bears the burden of establishing that it gave value for the transfer, in good faith, and without knowledge of the avoidability of the transfer, citing *In re Nordic Village, Inc.*, 915 F.2d 1049 (6th Cir.1990), *rev'd on other grounds*, 503 U.S. 30, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992), and *In re Richmond Produce Co.*, 151 B.R. 1012 (Bankr.N.D.Cal.1993).

In *Trauger*, the Court found that the trustee failed to prove the transferee's knowledge or bad faith, but did not expressly consider whether the § 550(b)(1) factors are elements of a cause of action or defenses. The overwhelming weight of current authority that has directly addressed the issue of the burden of proof on § 550(b)(1) elements, as distinguished from *Trauger*, reaches the conclusion that the burden of showing value, good faith, and lack of knowledge falls on the transferee as a defense. *Nordic Village*, 915 F.2d at 1055–56; *In re Food & Fibre Protection, Ltd.*, 168 B.R. 408, 422 (Bankr.D.Ariz. 1994); *In re Laguna Beach Motors, Inc.*, 159 B.R. 562, 566 (Bankr.C.D.Cal.1993); *In re Hooker Investments, Inc.*, 155 B.R. 332, 337 (Bankr.S.D.N.Y.1993); *Richmond Produce Co.*, 151 B.R. at 1021; *see also Bonded Financial Services, Inc. v. European American Bank*, 838 F.2d 890 (7th Cir.1988). This Court agrees, and concludes that Norman Talmo will bear the burden of alleging and proving the § 550(b)(1) elements of value, good faith, and lack of knowledge as a potential defense to the Trustee's complaint for purposes of summary judgment and trial.

In accordance with the foregoing, it is—

**ORDERED** as follows:

1.  Norman Talmo's motion to dismiss is **DENIED.**

2.  For purposes of summary judgment and trial, Norman Talmo has the burden of alleging and proving the elements of § 550(b)(1) as a defense to the Trustee's complaint.

**DONE AND ORDERED.**