In re David SCHICK, Venture Mortgage Corp., and A & D Trading Group, L.L.C., Debtors.

Aurora CASSIRER, Chapter 11 Trustee for the Estate of David Schick, Debtor, Plaintiff,

v.

STERLING NATIONAL BANK & TRUST COMPANY OF NEW YORK, Defendant.

STERLING NATIONAL BANK & TRUST COMPANY OF NEW YORK, Third–Party Plaintiff,

v.

THE MERCHANTS BANK OF NEW YORK and Israel Discount Bank of New York, Third–Party Defendants.

Bankruptcy Nos. 96 B 42902(SMB), 96 B 43969(SMB) and 96 B 46282(SMB). Adversary No. 98–8182A.

United States Bankruptcy Court, S.D. New York.

Aug. 24, 1998.

Parker Chapin Flattau & Klimpl, LLP, New York City (Joel Lewittes, of Counsel), for Plaintiff.

Kaye, Scholer, Fierman, Hays & Handler, LLP, New York City (Herbert S. Edelman, of Counsel), for Defendant and Third–Party Plaintiff.

Zeichner Ellman & Krause, New York City (Stuart A. Krause, of Counsel), for Merchants Bank of New York.

Tenzer, Greenblatt LLP, New York City (Lawrence M. Rosenstock, of Counsel), for Israel Discount Bank of New York.

## MEMORANDUM DECISION DENYING MOTIONS TO DISMISS THE COMPLAINT AND THE THIRD–PARTY COMPLAINT

STUART M. BERNSTEIN, Bankruptcy Judge.

The trustee commenced this adversary proceeding to avoid and recover four allegedly preferential loan repayments from the debtor, David Schick, to the defendant, Sterling National Bank ("Sterling"). Sterling answered, and commenced a third-party action seeking indemnification from Merchants Bank of New York ("Merchants") and Israel Discount Bank of New York ("IDB")(collectively, the "Participants") to whom Sterling sold 100% participation interests in two of the loans. The trustee thereafter asserted direct claims against the Participants.

The Participants have moved to dismiss the third-party complaint and the trustee's direct claims for failure to state claims upon

which relief can be granted, pursuant to Fed. R.Civ.P. 12(b)(6), made applicable to this adversary proceeding by Fed. R. Bankr.P. 7012(b). For the reasons that follow, the motions are denied.

### BACKGROUND

According to the complaint, the debtor borrowed $1.8 million from Sterling in four separate transactions [1], and repaid Sterling this amount within ninety days of the May 29, 1996 petition date. In its answer, Sterling admits the existence of each antecedent debt, that each transfer was made on account of that debt and within ninety days of the petition date, and that it debited Schick's account in the amount of each transfer. Otherwise, Sterling denies the material allegations, including that it received Schick's payments.

Instead, Sterling insists that the Participants received the transfers and should repay them. Specifically, Sterling contends that it sold 100% participation interests in the $200,000.00 loan to Merchants, (Answer ¶ 50), and in the $1.0 million loan to IDB. (*Id.* at ¶ 57.) Both participation agreements state that Sterling is acting as "agent and trustee" for the Participants, (*id.* at ¶¶ 45, 51, 58), and when Sterling debited Schick's account, it wired the proceeds to the Participant entitled to the payment. (*See id.* at ¶¶ 52, 59.) Sterling further alleges that it acted as a conduit for these payments, (*id.* at ¶ 47), and that the Participants—not Sterling—are the "initial transferees" of their respective transfers. (*Id.* at ¶¶ 48, 53, 60.) Accordingly, if Sterling is liable to the estate, it is entitled to indemnity in the sum of $200,000.00 from Merchants, (*id.* at ¶ 54), and $1.0 million from IDB. (*Id.* at ¶ 61.) In addition, Sterling seeks expenses and legal fees from the Participants under the terms of the participation agreements. (*Id.* at ¶¶ 55, 62.)

Pursuant to Fed. R. Bankr.P. 7014 and Fed.R.Civ.P. 14(a), the trustee subsequently asserted direct claims against the Participants. She alleges that Schick's payments were preferential transfers made directly to

---

1. The four loans were in the amounts of $1.0 million, (Complaint ¶ 11), $100,000.00, (*id.* at ¶ 18), $200,000.00, (*id.* at ¶ 25), and $500,000.00. (*Id.* at ¶ 32.)

the Participants, (*Plaintiff's Pleading Against Third–Party Defendants* at ¶¶ 3–10, 13–16), or that the preferential payments were made to Sterling, and the Participants are liable as transferees from Sterling. (*Id.* at ¶¶ 11–12, 17–18.)

## DISCUSSION

### A. Standards Governing the Participants' Motions to Dismiss

A court may dismiss a complaint under Fed.R.Civ.P. 12(b)(6) only if it appears beyond doubt that the plaintiff would not be entitled to any type of relief, even if he proved the factual allegations in his complaint. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Harsco Corp. v. Segui,* 91 F.3d 337, 341 (2d Cir. 1996); *Cohen v. Koenig,* 25 F.3d 1168, 1171–72 (2d Cir.1994); *Sykes v. James,* 13 F.3d 515, 519 (2d Cir.1993), *cert. denied,* 512 U.S. 1240, 114 S.Ct. 2749, 129 L.Ed.2d 867 (1994). The court must assume the truth of those factual allegations, *Harsco Corp. v. Segui,* 91 F.3d at 341, and draw all reasonable inferences in the plaintiff's favor. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Luedke v. Delta Air Lines, Inc.* 159 B.R. 385, 389 (S.D.N.Y.1993); *Raine v. Lorimar Prods., Inc.,* 71 B.R. 450, 453 (S.D.N.Y.1987).

Ordinarily, the motion must be determined based on the face of the pleadings. The court may however, go outside of the pleadings and consider the contents of any documents attached to the complaint or incorporated by reference, matters as to which it can take judicial notice, and documents in the non-moving party's possession or which it knew of or relied on in connection with its complaint. *Brass v. Am. Film Technologies, Inc.,* 987 F.2d 142, 150 (2d Cir.1993); *Bonwit Teller, Inc. v. Jewelmasters, Inc. (In re Hooker Invs., Inc.),* 162 B.R. 426, 430 (Bankr.S.D.N.Y.1994).

Here, the Participants have gone outside the face of the pleadings, and submitted tes-

timonial and documentary material to prove that they are subsequent transferees. Except for the participation agreements, whose authenticity is unquestioned and on which all the parties rely, these extraneous materials will not be considered.

### B. Sterling's Third Party Complaint

The parties spill a great deal of ink debating whether the Participants are initial or subsequent transferees, but the issue is immaterial on this motion. For the Participants to be liable to Sterling, Sterling must be liable to the estate, and for that to occur, I must conclude that all of the elements of a preferential transfer are present and the affirmative defenses fail, including the defense that Sterling was a mere conduit. In other words, unless I find that Sterling was an initial transferee, the third party claims become moot. (*See* Answer ¶¶ 54, 61)(pleading Sterling's hypothetical liability to the plaintiff as an element of its indemnity claims.) Accordingly, I must assume that Sterling is liable as an initial transferee in determining the sufficiency of the third party claims.

■ Sterling's status as an initial transferee does not imply a right to recover indemnity from the Participants. Sterling has not pointed to any support for this proposition, and it contravenes 11 U.S.C. § 550(b)(1).[2] This provision partially insulates a subsequent transferee from liability that an initial transferee must bear. It reflects the initial transferee's increased risk based upon his greater ability to monitor his debtor and the assets used to pay the debt. *In re Bonded Financial Servs., Inc. v. European American Bank,* 838 F.2d 890, 892–93 (7th Cir. 1988). If the law implied a right to indemnity in favor of an initial transferee against a subsequent transferee, the latter would bear the same risks and liabilities as the former. Since this is precisely what section 550(b) is designed to prevent, Sterling's theory must be rejected.

■ This conclusion does not, however, necessarily doom Sterling's third party claim.

---

**2.** Section 550(b)(1) states that the trustee may not recover an otherwise avoidable transfer from a subsequent transferee "that takes for value, including satisfaction or securing of a present or antecedent debt in good faith, and without knowledge of the voidability of the transfer avoided."

The parties' agreement may expressly grant a right to indemnity, or the law may imply the right. Sterling's mere status as an agent, without more, does not imply the right, *Chandler v. Northwest Eng'g Co.*, 111 Misc.2d 433, 444 N.Y.S.2d 398, 404 (Sup.Ct. 1981), but the facts and circumstances may. For example, an agent is entitled to indemnity if he "suffers a loss which, because of their relation, it is fair that the principal should bear." RESTATEMENT (SECOND) OF AGENCY § 438(2)(b) (1958); *accord id.* § 439(e)(agent entitled to indemnity for "payments resulting in benefit to the principal ... under circumstances that it would be inequitable for indemnity not to be made").

■ The participation agreements indicate that the Participants bore the risk of Schick's nonpayment. Sterling collected the debt and earned a commission. While the present situation does not involve Schick's nonpayment, but rather, the return of a payment that Schick actually made, I cannot discount the possibility that Sterling could prove a set of facts that would entitle it to indemnity. Accordingly, the motions to dismiss Sterling's third party claims must be denied.[3]

## C. The Trustee's Claims

■ As noted, the Participants also seek to dismiss the trustee's claims asserted directly against them. Under 11 U.S.C. § 547(b), and except as provided in section 547(c)

[T]he trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

To state a preference claim, the trustee must allege the elements of section 547(b). To *recover* the preference from a defendant, the trustee must also allege that the defendant is an initial transferee, the entity for whose benefit the transfer was made or a subsequent transferee. 11 U.S.C. § 550(a).[4] These pleading requirements do not distinguish between types of transferees. In other words, a subsequent transferee has the burden to plead and prove that he received the transfer in good faith, for value and without knowledge of its voidability, or that he is a transferee himself of such a good faith, sub-

---

**3.** This still leaves the question of the Court's subject matter jurisdiction. Third party claims for contribution and indemnity that do not involve the debtor or affect the estate fall outside of the bankruptcy court's "related to" jurisdiction. *See Official Comm. of Unsecured Creditors v. Ganz (In re Summit Airlines, Inc.)*, 160 B.R. 911, 922–23 (Bankr.E.D.Pa.1993)(citing cases). In *Klein v. Civale & Trovato, Inc. (In re Lionel Corp.)*, 29 F.3d 88, 92 (2d Cir.1994), however, the Court observed that the bankruptcy court could exercise supplemental jurisdiction, under 28 U.S.C. § 1367, over a dispute between the debtor's landlord and a mechanics lienor. I note that the power to refer cases and proceedings to the bankruptcy court, granted under 28 U.S.C. § 157(a), is limited to the cases and proceedings falling within the district court's jurisdiction under 28 U.S.C. § 1334, and that 28 U.S.C. § 1367

grants the authority to exercise supplemental jurisdiction to the district court alone. Further, the exercise of supplemental jurisdiction is discretionary. *See* 28 U.S.C. § 1367(c).

**4.** Section 550(a) states:

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee.

sequent transferee. *Kapila v. Funding, Inc. (In re Data Lease Fin. Corp.)*, 176 B.R. 285, 287 (Bankr.S.D.Fla.1994); *see I.R.S. v. Nordic Village, Inc. (In re Nordic Village, Inc.)*, 915 F.2d 1049, 1055–56 (6th Cir.1990), *rev'd on other grounds*, 503 U.S. 30, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992); *Hooker Atlanta (7) Corp. v. Hocker (In re Hooker Invs., Inc.)*, 155 B.R. 332, 337 (Bankr.S.D.N.Y. 1993); 5 Lawrence P. King, *et al., Collier on Bankruptcy*, ¶ 550.03[5] at 550–20 (Rev. 15th ed.1998).

The trustee pleads each element of her claims to recover preferential transfers from the Participants as initial or subsequent transferees. In addition to the other elements under 11 U.S.C. § 547(b), her first and third claims allege that the transfers were made directly to the Participants on account of antecedent debts owed by the debtor to the Participants. These claims flow logically from Sterling's contention that it acted as a conduit. The second and fourth claims incorporate the preference claims against Sterling asserted in the complaint, and allege that the Participants are subsequent transferees of Sterling.

These allegations state alternative claims for relief under 11 U.S.C. §§ 547(b) and 550(a), the sole issue presented by the Participants' motions. That the Participants may be good faith, subsequent transferees must be raised as an affirmative defense in their answers. If appropriate, the Participants may also move for summary judgment; otherwise, their status must be resolved through a trial. Accordingly, the Participants' motions to dismiss the trustee's claims are also denied.

Settle order on notice.