**In re Sophie SERRATO, Debtor.**

**Suzanne L. Decker, Plaintiff,**

v.

**Marc Voisenat, Defendant.**

**Bankruptcy No. 90–54408–MM. Adversary No. 98–5434.**

United States Bankruptcy Court, N.D. California, San Jose Division.

April 13, 1999.

Mark S. Bostick, Wendel, Rosen, Black & Dean, Oakland, California, for plaintiff Suzanne L. Decker, Trustee.

Marc Voisenat, Law Offices of Marc Voisenat, Oakland, California, for defendant Marc Voisenat.

## OPINION AND ORDER THEREON

MARILYN MORGAN, Bankruptcy Judge.

### I. Introduction

The proceeding before the Court is the culmination of many years of litigation that commenced in 1992 when the trustee sued to recover a fraudulent transfer. After receiving a judgment for the value of the fraudulent transfer, the trustee was thereafter thwarted from collecting the judgment for the estate. When she was unable to recover from the transferee, the trustee sued the immediate transferee. The question that now arises is whether the one-year statute of limitations for an action against the immediate transferee commenced running when the Court ruled in the underlying fraudulent transfer action or when the judgment was entered on the docket twenty-four days later. For the reasons hereinafter explained, the Court holds that the complaint was not timely filed.

### II. Background

In 1992, Suzanne L. Decker, the Chapter 7 trustee, commenced an adversary proceeding to set aside a transfer of property from the debtor, Sophie Serrato, to her son, Frank Voisenat. The trustee alleged that Serrato quitclaimed property to Voisenat in September 1988 in an attempt to defraud her creditors. At trial, testimony revealed that Voisenat then sold the property to his brother, Marc Voisenat.

In its opinion dated September 30, 1997, the Court found that Serrato fraudulently transferred the property with an actual intent to defraud her creditors, and that the estate was entitled to recover from Frank Voisenat the value of Serrato's equi-

ty in the property. The ruling concluded that "[b]ecause the court finds that the trustee has met her burden of proving that Serrato fraudulently transferred the 102nd Avenue property to Frank with an actual intent to defraud her creditors, the trustee is entitled to recover $45,314.94, the value of Serrato's equity in the property, from Frank Voisenat." *Decker v. Voisenat (In re Serrato )*, 214 B.R. 219, 232 (Bankr. N.D.Cal.1997). A judgment in the sum of $45,314.94 was entered on October 24, 1997.

The instant complaint was filed by the trustee on October 15, 1998. The complaint seeks to recover $45,314.94 from Marc Voisenat as the immediate or mediate transferee of the avoided transfer. Marc Voisenat seeks to dismiss the complaint for failure to state a claim for relief, asserting among other grounds, that the complaint was not filed timely.

### III. Discussion

#### A. Standard for Motion to Dismiss

For a defendant to prevail on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), it must appear to a certainty that the plaintiff would not be entitled to relief under any set of facts that could be proved. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). *See also Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Rutman Wine Co. v. E. & J. Gallo Winery,* 829 F.2d 729, 732 (9th Cir.1987). In considering a motion to dismiss, all the allegations of material fact are construed in the light most favorable to the nonmoving party. *See Gilligan v. Jamco Development Corp.,* 108 F.3d 246, 248 (9th Cir. 1997).

#### B. The Complaint Was Not Timely Filed

 Section 550(f)[1] states that an action to recover avoided transfers of property must be brought no later than the earlier of one year after the transfer was

avoided or the date the case is closed or dismissed. The one year limitations period begins to run once the avoidance action is final. *See Kapila v. Funding Inc. (In re Data Lease Financial Corp.)*, 176 B.R. 285, 286–87 (Bankr.S.D.Fla.1994).

 A final decision generally is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. *See Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). To qualify as a final decision, an opinion must contain certain elements. The language of the opinion must contain the essential elements of a judgment and must clearly evidence the court's intention that it shall be the final act in the case. *See U.S. v. F. & M. Schaefer Brewing Co.,* 356 U.S. 227, 232–33, 78 S.Ct. 674, 678, 2 L.Ed.2d 721 (1958).

Applying the two-prong test set out by the Supreme Court in *F. & M. Schaefer,* the September 30, 1997 opinion was a final decision. First, the opinion settled all matters between the parties. The Court held that when Serrato quitclaimed the 102nd Avenue property to Frank, her intent was to conceal her ownership of the property, to cloud the title, and to defraud her creditors. Second, the opinion specified the amount the trustee was entitled to recover. The Court stated that "[t]his amount includes the $40,314.94 that Frank received from escrow, and the $5,000 debt that Frank forgave. The court agrees that $45,314.94 is the appropriate measure of recovery pursuant to sections 544(b) and 550(a)." *Serrato,* 214 B.R. at 232. Finally, the Court's ruling ended the fraudulent transfer action on the merits and left nothing for the Court to do but execute the judgment.

 The trustee seeks the shelter of the "separate document" rule in asserting that the statute of limitations could not have expired prior to the filing of the instant complaint. Bankruptcy Rule 9021 states

---

1. All citations are to the Bankruptcy Code found in Title 11 of the United States Code.

that "[e]very judgment entered in an adversary proceeding or contested matter shall be set forth on a separate document." The requirement of a separate document is designed "to promote certainty as to the relatively short time that a party has to appeal a final order." *Ford v. Union Bank (In re San Joaquin Roast Beef)*, F.3d 1413, 1417 (9th Cir.1993). *See also Bankers Trust Co. v. Mallis*, 435 U.S. 381, 385, 98 S.Ct. 1117, 1120, 55 L.Ed.2d 357 (1978) ("sole purpose of the separate document requirement ... [is] to clarify when the time for appeal ... begins to run").

██ However, a different policy underlies statutes of limitations. Generally a statute of limitations commences running upon the happening of an event providing notice to claimants that a cause of action has accrued. *See San Joaquin Roast Beef*, 7 F.3d at 1417. Under federal law, a cause of action accrues when a plaintiff "knows or has reason to know of the injury which is the basis of the action." *Vaughan v. Grijalva*, 927 F.2d 476, 480 (9th Cir.1991). *See also Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1412 (9th Cir.1987) ("the statute of limitations is ... triggered [when] the defrauded individual has actual or inquiry notice"). Addressing statutes of limitations in the bankruptcy context, the Supreme Court has noted that:

> It is obviously one of the purposes of [bankruptcy] law, that there should be a speedy disposition of the bankrupt's assets. This is only second in importance to securing equality of distribution.... It is a wise policy, and if those who administer the law could be induced to act upon its spirit, would do much to make the statute more acceptable than it is.

*Bailey v. Glover*, 88 U.S. (21 Wall.) 342, 346–47, 22 L.Ed. 636 (1874). It is important to note that the Supreme Court acknowledged that the statute of limitations was "passed by the Congress of the United States as part of the law of bankruptcy," *id.* at 349, and therefore is not subject to modification, absent equitable circumstances. No equitable circumstances have been shown here.

In *San Joaquin Roast Beef*, the Ninth Circuit Court of Appeals confronted the issue of whether, for statute of limitations purposes, an order becomes effective when signed or when entered on the docket. The trustee argued that the statute of limitations should be tolled until the order is entered on the docket because "it is a judgment, which is effective (and appealable) only when entered." *San Joaquin Roast Beef*, 7 F.3d at 1417. The trustee asserted that this interpretation would be consistent with the entry of judgment rules governing notices of appeal. After analyzing the policy behind the separate judgment rule, the court disagreed, holding that the date when a written order is signed commences the running of the statute of limitations:

> [T]he execution of a written order adequately promotes the policy of providing certainty to parties in bankruptcy proceedings as to the limitations period during which claims can be filed. The date the order is signed also is the event that triggers action by trustees to protect the interests of the estate and thus adequately gives notice that the statute of limitations has started running. In this case, the statute of limitations began running on May 2, 1988, the date that the bankruptcy court signed and filed the order. Accordingly, Ford's adversary proceeding filed on May 3, 1990 is barred by section 546(a)'s two-year statute of limitations.

*Id.* at 1417–18. Similarly, the written opinion issued in the underlying fraudulent transfer proceeding is a triggering event that affords certainty and puts the trustee on notice that further action may be required to protect the interests of the estate.

Since the Court's opinion of September 30, 1997 put the trustee on notice that a claim for relief had accrued and the statute of limitations began to run upon the issuance of that opinion, the deadline to bring

a proceeding under § 550(f) was September 30, 1998. The instant complaint, filed on October 15, 1998, is untimely.

## V. Conclusion

The Court's September 30, 1997 opinion was a final decision avoiding the transfer. The trustee was on notice that the period for recovering from an immediate transferee then commenced. As a result, the complaint against defendant is dismissed as untimely filed. The trustee's counter-motion for sanctions under Bankruptcy Rule 9011 against Marc Voisenat is denied.

Good cause appearing, IT IS SO ORDERED.